CONRAD WORKNOT use of CLAYTON EARLE *vs.* DAVID MILLEN'S Administrator.

Facts admitted on one sci. fa cannot be controverted on an alias sci. fa.
*Quere* whether the "Register for the probate of wills and granting letters of adminis-
tration" is ,a *judge,* and as such authorized by law to administer oaths, &c, ge-
nerally.

ALIAS scire facias d. s. b.

The defendant pleaded First, Payment. Second, Nul tiel record. Third, that a *fi. fa.* issued, was levied on lands which were found sufficient to pay the judgment, and that to complete the execution of the judgment an *elegit* issued and was afterwards countermanded by the plff. Fourth, Levied by *fi. fa.* Fifth. Levied by *fi. fa.* and *elegit.* Sixth, Levied by *elegit,* with leave to give the special matter in evidence.

The plff. tendered an issue to the *first* and *second* pleas; and replied to the *four* last by way of *estoppel* that since the happening of the matters therein alledged and set forth, to wit, on the 19 March 1821 a *scire facias* issued on said judgment to which the defendant appeared; and at the March Term 1822, judgment was rendered in favor of the said plff.

To this the deft. rejoined that the judgment on the said *scire facias* was a judgment *"amount to be ascertained by the clerk"* and that no amount was ever ascertained. *Demurrer* and *joinder.*

*Frame* for plff. contended that, although the amount had never been ascertained, the judgment on the scire facias *estopped* the deft. from pleading any matters that took place prior and which might have been pleaded to that judgment. 2 *Tidd.* 1046; 2 *Saund.* 72; 1 *Do.* 219. The object of a sci. fa. is to get execution; the cause shown in the fourth, fifth and sixth pleas is that the debt has been made, they deny that any thing is due. But by confessing judgment on the sci. fa. the deft. admits that something is due and he is estopped from now controverting his own admission. It does not alter the case that the amount has not been ascertained. The judgment admits something due and this raises the estoppel. The third plea does not alledge that the debt was satisfied either by the fi. fa. or the elegit; the facts stated therefore amount to no defence. Taking out execution is no satisfaction; and, unless the elegit was executed, this is no defence. The plea here negatives the payment as it states that the elegit was stayed.

*Johnson* for deft.—I admit the principle stated in Tidd that you cannot plead to a scire facias what occurred before the original judgment, but deny that this prevents us from pleading any thing that

occurred after the original judgment though before the first sci. fa. on which a judgment was obtained.   This principle refers to the original judgment.   An estoppel must be pleaded with the greatest certainty.   *Coke Litt.* 352, *a.*   If the plff. goes back beyond the judgment on the sci. fa. on the same principle we may go back and plead matters prior to that judgment.   And this judgment is in itself of no consequence as no amount has ever been ascertained.   It is a judgment for nothing.   1 *Yeates* 254.   Judgment by way of security admits nothing, but the plff. must make out what is due.   *2 Saund.* 7, note 2.

*Frame.*—It is not essential to the validity of an estoppel that the suit should be founded on it; an admission will estop though the suit is not founded on the admission.   An alias sci. fa. is not predicated on the first sci. fa. but on the original judgment.   If the matter now alledged as a defence is true then the judgment on the sci. fa. was false.   Is he not therefore estopped by his own admissions from falsifying that judgment."

*The Court* sustained the demurrer, *Mr. Justice Black* delivering the opinion.

BLACK, J.—On the first scire facias the administrator of Millen confessed a judgment and by this admitted that the debt of the plff. or the original judgment had not been paid or discharged at the time of such confession—this admission stands on the record.   To the present scire facias the administrator pleads that *prior* to the rendition of the judgment on the first sci. fa. this original judgment had been fully satisfied by process of execution, and that nothing remained due on it when the judgment on the first scire facias was rendered —thus denying what by the record was formerly admitted.   The entry "that the amount shall be ascertained" does not vary the case, for it admits that the judgment has not been satisfied, but provides a mode for ascertaining, not whether any thing is due, but how much. If the present pleas be true, then the admission made on the record on the first sci. fa. was not true.   These pleas aver in effect that the admission was not true.

If a point has been once litigated or at issue between the parties and be settled by a verdict or admission of a party, in any subsequent proceeding between the same parties, this point cannot be controverted.

The judgment on the scire facias was not as was intimated by the deft's. counsel, an interlocutory judgment.   It was an absolute and final judgment that execution should go for the amount of the penalty of the judgment: the provision "that the amount should be ascertained" had reference to the sum that should be endorsed on that execution as the real debt that should be levied under the execution.

The deft. in consequence of the admission on the record by the confession of judgment on the scire facias is estopped from denying the truth of that admission or of pleading the matters set forth in the third, fourth, fifth and sixth pleas.   The demurrer therefore must be sustained.

*Clayton, C. J.* having been counsel for the plff. on the first sci. fa. declined sitting on this cause but concurred in the opinion.

The case came on for trial at the next term on the plea of payment. The *probate* offered was taken before Evan H. Thomas, "Register for the probate of wills and granting letters of administration in and for Newcastle county," and it was objected to on the ground that such an officer had not authority to take it. On the other side it was contended that the Register had power *ex officio* to administer oaths in any case where it is proper that an oath should be taken. He is a judicial officer; has judicial power and is recognized as such by the constitution. *Art. 6, sec.* 1. "The judicial power of this State shall be vested in a court of Errors and Appeals, Superior Court, &c. "*a Registers Court,*" Justices of the Peace, &c. &c."

*Dig.* 419. "The Chancellor, *each of the Judges,* every Justice of the Peace and every Notary Public in this State shall have authority in every case in which an oath or affirmation is necessary, or proper, to administer such oath or affirmation."

*The Court* (the *Chief Justice* not sitting) was divided on this question; *Black,* J. for sustaining the probate, and *Robinson,* J. against it.

The plff. then produced a probate sworn before the Mayor of Philadelphia, and properly certified, which was admitted, and

The plaintiff had a verdict.

*Frame* and *Huffington,* for plaintiff.
*Johnson,* for defendant.